# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK



Syracuse Office

4 Clinton Square
3ᴿᴰ FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

Lisa Peebles
Federal Public Defender

Albany Office

54 State Street
Suite 310
ALBANY, NY 12207
(518) 436-1850
FAX (518) 436-1780

Paul Evangelista
First Assistant

September 12, 2024

Honorable Mitchell J. Katz
United States Magistrate Judge
100 South Clinton Street
Syracuse, New York 13202

      RE:  UNITED STATES v. SAHILDEEP SINGH
          CASE NO.: 8:24-MJ-0417 (MJK)

Dear Judge Katz:

The government has moved for the detention of Sahildeep Singh under 18 U.S.C. 3142(f)(2) on the ground of "serious risk" of flight. The Court directed the parties to research whether the offense charged in a particular case, standing alone, is enough to support a finding of "serious risk" of flight. As discussed below, a survey of case law on this issue indicates that it is not.

The seminal Second Circuit case on the issue of detention under 18 U.S.C. § 3142(f)(2)[1] is *United States v. Friedman*, 837 F.2d 48 (2d Cir. 1988). That case sets out the two-step procedure for district courts to follow when making detention decisions. First, the district court must determine whether "the defendant presents a risk of flight or obstruction of justice." *Friedman*, 837 F.2d at 49. The district court proceeds to the second step only if the government establishes the first step by a preponderance of the evidence. *Id*. If the government meets its burden, "the court turns to whether any condition or combinations of conditions of release will protect the safety of the community and reasonably assure the defendant's appearance at trial." *Id*. Importantly for the purposes of Mr. Singh's case, the Second Circuit clearly stated that at the first step, "**we have required more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight**." *Id*. at 50 (emphasis added).

---

[1] The defendant in *Friedman* was charged with child pornography offenses. At the time *Friedman* was decided, child pornography offenses were not listed in 18 U.S.C. § 3142(f)(1). The court, therefore, applied the § 3142(f)(2) standard.

District courts around the country have echoed the Second Circuit's language.[2] For example, in a published case from the Southern District of Florida, the court directly addressed this issue:

> In cases where only a serious risk of flight is at issue under § 3142(f)(2), **it is generally accepted that more than evidence of the commission of a serious crime and the fact of a potentially long sentence is required to support a finding of serious risk of flight**. A mere theoretical opportunity for flight is not sufficient grounds for pretrial detention.
>
> Relevant factors that support a serious risk finding include the use of a number of aliases, unstable residential ties to a community, efforts to avoid arrest, or hidden assets. Evidence of a serious intent to flee the country in response to an indictment also justifies detention as a serious risk of flight. Of course, evidence that a defendant had already attempted to flee prosecution would certainly bolster a finding of a serious risk of flight, especially where the defendant had foreign contacts who could aid in his flight.

*United States v. Giordano*, 370 F. Supp. 2d 1256, 1264 (S.D. Fla. 2005) (emphasis added) (citations omitted).

The conclusion that the mere nature of the charged offense is insufficient to establish a serious risk of flight under § 3142(f)(2) is also supported by logic. Congress is able to add charges to the list of offenses in § 3142(f)(1) for which the government may move for detention based solely on the nature of the charged offense. Where a defendant, like Mr. Singh, is not charged with the one of those listed offenses, detention is not authorized on that ground. As one court has put it, "if the charge alone warranted detention, Congress could have included it among the crimes for which detention is presumed, but it did not." *United States v. Lopez-Chilel*, No. CR 22-20141, 2022 WL 1178503, at *3 (E.D. Mich. Apr. 20, 2022).

In addition, I am aware of a video sent to the Court by AUSA Ben Clark this morning. The video shows several individuals in a wooded area, holding what appear to be handguns. AUSA Ben Clark believes one of the individuals is Mr. Singh. AUSA Ben Clark further asserts that in an interview with agents that Mr. Singh admitted that he has "a fascination with guns." I do not have a recording of this interview, and it's unclear in what language this interview occurred in. Punjabi is Mr. Singh's native language, and he is not fluent in the English language. I assume this video was sent to the Court in effort to support a claim of danger to the community. Unfortunately for the Government, the fact remains that the standard to be applied at this detention hearing is whether Mr. Singh is a serious risk of flight. *See* 18 U.S.C §3142(f)(2)(A). The Government has yet to assert a single fact that would constitute a serious risk of flight. In the absence of such serious risk of flight, the Bail Reform Act does not permit detention on the basis of dangerousness. *Friedman*, 837 F.2d at 49.

---

[2] Westlaw indicates that district courts in Connecticut, Washington, D.C., Florida, Illinois, Kentucky, New York, and Wisconsin have favorably cited *Friedman* on this issue.

Thank you for your attention to this matter. Please let me know if I can provide the Court with any further information.

                    Very truly yours,

                    OFFICE OF THE FEDERAL PUBLIC DEFENDER

                        s/ *Gabrielle DiBella*
                By:    Gabrielle DiBella, Esq.
                       Assistant Federal Public Defender

cc:    Benjamin S. Clark, AUSA (by ECF)
        Sahildeep Singh (by mail)